CHATTANOOGA COFFIN & CASKET Co. *et al. v.* WHITLEY *et al.*

RUSSELL, C. J. 1. When authorized by a resolution passed by its stockholders, a corporation generally may authorize the execution of a mortgage upon its property to secure a valid outstanding debt incurred in the purchase of its merchandise and fixtures.

2. When the passage of such a resolution has been entered upon the minutes of the corporation, but such minutes are lost or destroyed before the execution of the mortgage, the corporation is authorized by vote of its stockholders to pass the same or a similar resolution to that previously adopted and so entered. The case is not altered by reason of the fact that the second meeting is a called meeting, if a majority of the stock be there legally represented.

3. When the minutes of the corporation dated April 23, 1926, authorizing the execution of the mortgage in question, were offered in evidence, the plaintiffs' attorney objected "to any evidence relative to the execution of the mortgage prior to the time it was executed," and stated: "They are seeking to show here there was an agreement entered into that the mortgage would be executed to Mr. Whitley, dated back a year or two prior to the time it was executed. I submit, the execution of the mortgage at the time it was executed fixes the rights; and that they promised to execute a paper and not executed it and held it off the record for two

or three years could not be admissible in evidence to show those agreements." As appears from the record, the mortgage which Whitley was seeking to foreclose upon the property of the corporation was attacked upon the ground of fraud in that the corporation by mortgage preferred its president to other creditors, and that it was executed to hinder, delay, and defraud creditors. The court properly admitted the contents of the minutes of the stockholders' meeting, as a circumstance which might be considered by the jury, in defense against that attack and for the purpose of establishing the bona fides of the transaction.

4. For the same reason the court did not err in permitting a witness to testify that in November, 1923, the directors of the corporation authorized it to execute a mortgage to Whitley, who afterwards became its president, for the same amount and for the same indebtedness as that secured by the mortgage which was the basis of the foreclosure in the instant case.

5. The court did not err, in the circumstances of this case, in charging the jury that although the corporation might have been insolvent at the time of executing the mortgage, nevertheless the mortgage would be valid if it was executed in good faith and without any fraud or intention to delay or defraud other creditors, and in pursuance of a contract made between the corporation and Whitley, that, if he would advance the money for which the mortgage was given, the corporation would secure him by a mortgage on its property.

6. The evidence authorized the verdict, and there was no error in refusing a new trial.  *Judgment affirmed. All the Justices concur.*

No. 6521. FEBRUARY 23, 1929.

156

*E. T. Moon,* for plaintiff.  *L. B. Wyall,* for defendants.